UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:19-cr-00030-JMS-CMM-09 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ZACHARY CARSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:19-cr-00030-JMS-CMM |
| | ) | |
| ZACHARY CARSON, | ) | -09 |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Zachary Carson (09) has filed a Motion for Compassionate Release, [Filing No. 547], which is ripe for the Court's review.

## I.
### BACKGROUND

On December 17, 2019, Mr. Carson was charged in a multi-defendant Superseding Indictment with: (1) Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846; and (2) Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b). [Filing No. 55.] On February 12, 2021, consistent with 21 U.S.C. § 851, Mr. Carson was charged in an Information alleging that he had two prior serious violent felony convictions. [Filing No. 289.] On February 17, 2021, Mr. Carson pled guilty to the lesser included offense of Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of a Mixture or Substance Containing Methamphetamine and the Government dismissed the Unlawful Use of a Communication Facility count. [Filing No. 290.] He was sentenced on August 31, 2021 to 120 months' imprisonment, to be followed by eight years of supervised release. [Filing No. 384.]

2

Mr. Carson has filed a Motion for Compassionate Release *pro se*. [Filing No. 547.] He argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he has exhibited good behavior during his incarceration; (2) he would like to take care of his children; (3) he has been subjected to challenging prison conditions; and (4) he has engaged in rehabilitative programming and plans to complete a welding program and obtain employed if released. [Filing No. 547.] The Government has responded to Mr. Carson's Motion, arguing that Mr. Carson did not exhaust his administrative remedies, has not established extraordinary and compelling reasons for his release, and is a danger to the community. [Filing No. 572.] Mr. Carson's Motion for Compassionate Release is ripe for the Court's review.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. See U.S.S.G. § 1B1.13 (Nov. 2023).

A. **Exhaustion of Administrative Remedies**

The Court first addresses the Government's argument that Mr. Carson has not exhausted his administrative remedies. The Government asserts that Mr. Carson "submitted no evidence – not administrative records or even a sworn declaration – indicating that he applied to the Bureau of Prisons (BOP) for compassionate release and thereafter exhausted his administrative rights." [Filing No. 572 at 5.] Mr. Carson did not file a reply so has not addressed the exhaustion argument.

Mr. Carson's motion does not mention or otherwise indicate that he fully exhausted his administrative rights prior to the filing of his motion. [Filing No. 547.] He has not submitted any evidence that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or [waited] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Seventh Circuit has made clear that a defendant must comply with the instruction set forth in 18 U.S.C. § 3682(c)(1)(A) prior to filing a motion for compassionate release. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (affirming denial of defendant's motion for compassionate release because he failed to

4

comply with § 3682(c)(1)(A)'s exhaustion requirement). Because Mr. Carson has failed to establish that he complied with § 3582(c)(1)(A)'s exhaustion requirement, his Motion for Compassionate Release is denied on that basis. In any event, the Court goes on to consider whether Mr. Carson has established extraordinary and compelling reasons for release.

      **B.**      **Extraordinary and Compelling Reasons**

Mr. Carson's arguments do not support a finding of an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason. First, Mr. Carson argues that he has exhibited good behavior while incarcerated. But good behavior cannot be an extraordinary and compelling reason for release, no matter how exceptional. *See* 28 U.S.C. § 994(t); *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct…alone to override Congress's determinate sentencing scheme."). Though Mr. Carson's good behavior is encouraging, the Court cannot find Mr. Carson's behavior while incarcerated, whether considered alone or in conjunction with any other reason, to be an extraordinary and compelling reason to grant him compassionate release.

Second, Mr. Carson argues that he would like to spend time with his children and care for them. U.S.S.G. § 1B1.13(b)(6) provides that an extraordinary and compelling reason for release can exist where a defendant wishes to provide care for a minor child due to:

> [t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

Mr. Carson has not provided any evidence that the current caregiver of his children has died or is incapacitated. Many inmates have children for whom they wish to provide care. While Mr. Carson's desire to care for and provide for his family is commendable, such a desire is common, not extraordinary. Accordingly, the Court finds that Mr. Carson has failed to meet his burden to

show that his desire to care for his children constitutes an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Third, to the extent that Mr. Carson complains regarding general conditions at facilities where he has been housed, those conditions of confinement are generalized and experienced by all BOP inmates and therefore are not an extraordinary and compelling reason for relief as compared to other inmates. *See United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 21, 2022). To the extent he complains that he has been assaulted while incarcerated, his conditions of incarceration might form the basis for relief in a civil suit, but such allegations are not grounds for compassionate release under § 3582(c)(1)(A). *United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that [defendant] challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Mr. Carson's conditions of confinement are not extraordinary and compelling reasons for compassionate release, whether considered alone or in conjunction with any other reason.

Finally, rehabilitation "is not, by itself, an extraordinary and compelling reason" for release, but it "may be considered in combination with other circumstances." U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t). While the fact that Mr. Carson has engaged in and completed numerous courses and intends to complete a welding program and obtain employment upon release is highly commendable, he must have another circumstance that combines with his rehabilitation to establish an extraordinary and compelling reason. But as explained above, consideration of his other circumstances has either been foreclosed as legally incognizable or by a failure to evince individualized circumstances that are extraordinary as compared to other inmates. And even considering the reasons he has raised, the Court, in its discretion, does not find these circumstances,

6

as required under § 1B1.13(b)(5), to be "similar in gravity" to the circumstances listed in subsections (b)(1) through (b)(4), where the defendant is exceptionally sick, elderly, indispensable for family care, or was a victim of abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(b)(5). Mr. Carson's rehabilitation is not an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

In sum, the Court finds that Mr. Carson has not shown that he exhausted his administrative remedies and that, in any event, he has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community or whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Carson's Motion for Compassionate Release. [547.]

Date: 12/4/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Zachary Carson
#17365-028
FCI Forrest City Medium
Federal Correctional Institution
P.O. Box 3000
Forrest City, AR 72336

7